O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

```
JS - 6
Link # 11
```

| Case No. | CV 09-7009 PSG (RCx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Aeromech Engineering Corporation v. Aeromech Incorporated | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Dismissing Case Without Prejudice

I.  Background

Plaintiff Aeromech Engineering Corporation ("Plaintiff") is an engineering company that designs, develops, and manufactures unmanned aerial vehicles for military use. Plaintiff has applied to register the mark "Aeromech Engineering" with the U.S. Patent and Trademark Office ("USPTO"), alleging use of the mark since at least January 2000.

In August 2009, counsel for Defendant Aeromech Incorporated ("Defendant") sent Plaintiff a letter claiming that Defendant had used the "Aeromech Engineering" mark prior to Plaintiff and requesting that Plaintiff abandon its federal trademark application. *See Kimball Decl.* ¶ 2. Defendant indicated that if Plaintiff did not abandon its application, Defendant would file a notice of opposition with the USPTO. *See id.* Defendant also communicated its intention to register its own mark, which, according to Defendant, would be similar enough to Plaintiff's that the USPTO would not allow them both to be registered. *See id.*

On September 25, 2009, Plaintiff filed this declaratory relief action against Defendant. In sum, Plaintiff seeks declarations from this Court to the effect that the mark Plaintiff seeks to register does not violate any of Defendant's intellectual property rights and that Plaintiff's use of that mark has not caused any harm to Defendant. Plaintiff also seeks an order enjoining Defendant from interfering with Plaintiff's use and registration of the mark.

On October 28, 2009, the Court issued an order to show cause ("OSC") why this action should not be dismissed for failure to warrant the Court's exercise of jurisdiction under the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7009 PSG (RCx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Aeromech Engineering Corporation v. Aeromech Incorporated | | |

Federal Declaratory Judgment Act. On November 17, 2009, Plaintiff submitted its response to the OSC.

II.  Legal Standard

The Federal Declaratory Judgment Act ("Act") provides in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). As is evident from the word "may," the Act does not grant litigants an absolute right to a legal determination. *See United States v. Washington,* 759 F.2d 1353, 1356 (9th Cir. 1985). Rather, the decision to grant declaratory relief rests within a district court's discretion. *Id.*

The district court considers the following factors in determining whether to entertain a suit for declaratory relief: (1) avoidance of "needless determination of state law issues," forum shopping, and duplicative or piecemeal litigation;[1] (2) the existence of a parallel, pending state-court action that involves the same legal issues as the federal action;[2] (3) whether the declaratory action (a) will "settle all aspects of the controversy," (b) will clarify the legal relations at issue, (c) is being sought only for purposes of procedural fencing or to obtain a *res judicata* advantage, or (d) will result in entanglement between the federal- and state-court systems; (4) whether there exist alternative remedies that are convenient for the parties;[3] and (5) the promotion of sound public policy.[4]

---

[1] *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225-26 (9th Cir. 1998).

[2] *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1366-67 (9th Cir. 1991).

[3] *Dizol,* 133 F.3d at 1225 n.5.

[4] *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 798-99 (9th Cir. 1995)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7009 PSG (RCx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | Aeromech Engineering Corporation v. Aeromech Incorporated | | |

III.   Discussion

The Court determines that this action should be dismissed without prejudice for the following reasons.  First, Plaintiff has failed to persuade the Court of the presence of an "actual controversy," as required under the Act.  Defendant has merely threatened to oppose Plaintiff's attempt to register its mark with the USPTO and indicated that it will attempt to register its own mark.  *See Kimball Decl.* ¶ 2.  Even allowing that Plaintiff need not cite "concrete threats" of an infringement suit to establish the existence of an "actual controversy," *see Rhoades v. Avon Prods.,* 504 F.3d 1151, 1158 (9th Cir. 2007), the Court does not find that Defendant's communications here are sufficient to cause Plaintiff "real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product," which Plaintiff *is* required to show.  *See id.* at 1157.

Further, the Court determines that to the extent there exists a dispute between the parties here, convenient "alternative remedies" to this suit are available to them.  *See Dizol,* 133 F.3d at 1225 n.5.  In particular, the USPTO, before which Plaintiff is already proceeding, is perfectly capable of adjudicating the merits of the opposition Defendant has threatened to bring against Plaintiff's registration application.  *See* 3 J. Thomas McCarthy, Trademarks and Unfair Competition §§ 20:1 *et seq.* (4th ed. 2009) (describing opposition proceedings before the USPTO).  Indeed, the Court observes that where an applicant for a trademark registration has not been threatened with litigation for infringement, the applicant should not be permitted to "short-circuit the administrative process by filing suit for declaratory judgment in the federal courts." *See id.* at § 32:53; *Rhoades,* 504 F.3d at 1158-59.  Accordingly, the Court does not find it appropriate to entertain Plaintiff's action for declaratory relief.

IV.   Conclusion

For the foregoing reasons, the Court finds that Plaintiff's response to the Court's October 28, 2009 OSC is insufficient.  The Court therefore dismisses this action without prejudice.

**IT IS SO ORDERED.**

---

(noting important policy considerations, such as "avoiding rendering opinions based on purely hypothetical factual scenarios, discouraging forum shopping, encouraging parties to pursue the most appropriate remedy for their grievance, preserving precious judicial resources, and promoting comity").